UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE TEUSCHER, individually and in her capacity as mother and natural guardian of Z.F., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CCB-NWB, LLC, a California limited liability company, d/b/a, NW CRYOBANK,<br><br>Defendant. | NO: 2:19-CV-0204-TOR<br><br>ORDER REGARDING JURISDICTION |

BEFORE THE COURT are Plaintiff Danielle Teuscher's, personally and in her representative capacity[1], Motion for Preliminary Injunction (ECF No. 9) and

---

[1] As of the date of the entry of this Order, Plaintiffs have not complied with Federal Rule of Civil Procedure 17(c), which contemplates the minor be represented by "a duly appointed representative". Local Civil Rule 17(c)(3) also provides: "the plaintiff shall petition the Court and obtain appointment by the

ORDER REGARDING JURISDICTION ~ 1

Defendant CCB-NWC, LLC's Motion to Dismiss the Second and Sixth Causes of Action (ECF No. 24).[2] The Court heard oral argument on October 11, 2019. The Court has reviewed the record and files therein and is fully informed.

## DISCUSSION

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Courts are bound to consider jurisdictional defects *sua sponte*. *United States v. S. Pac. Transp. Co.*, 543 F.2d 676, 682 (9th Cir. 1976); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287-88 (1938) (district court may question at any time whether jurisdictional amount has been shown).

Generally, the amount in controversy is determined from the face of the pleadings. The sum claimed by the plaintiff controls so long as the claim is made in good faith. *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir.

---

Court of an independent guardian ad litem to represent the interest of the ward" or show good cause why a guardian ad litem is not required.

[2] This Motion superseded the first Motion to Dismiss the Sixth Cause of Action (ECF No. 16), which is **denied as moot.**

2000). To justify dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 289). It should be noted that the plaintiff and the defendant are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. *See e.g.*, 28 U.S.C. § 1359 (prohibiting collusion to invoke the jurisdiction of the court); *St. Paul Mercury Indem. Co.*, 303 U.S. at 287-88.

In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In some instances, an examination of the applicable substantive law will determine whether the plaintiff's alleged damages are legally recoverable. 14AA Fed. Prac. & Proc. Juris. (Wright & Miller) § 3702 (4th ed.).

Plaintiffs' prayer for relief in their Amended Complaint simply seeks no less than $100,000. ECF No. 23 at 45. At the hearing, the Court questioned Plaintiffs' counsel as to the value of the gametes. Counsel represented that their cost was under $10,000. Merely reciting that the gametes are "invaluable" does not sufficiently allege a recognized measure of damages under Washington law, *e.g.*, replacement value of similar property, which could satisfy the jurisdictional

threshold.  Accordingly, Plaintiffs' causes of action for injunctive relief, breach of bailment, replevin, conversion, breach of contract, and breach of covenant of good faith and fair dealing do not establish the jurisdictional threshold.  To a legal certainty, these claims total less than the jurisdictional amount.

Likewise, Plaintiffs have not yet stated a viable CPA claim.  Typically, a breach of contract against a single person does not constitute a Consumer Protection Act violation.  After allegedly breaching the contract, Plaintiff alleges that the contract is unconscionable, but fails to establish a plausible CPA violation.  Genetic testing is qualitatively different than affirmatively seeking genetic ancestors.

Plaintiffs' claim for intentional infliction of emotional distress does not rise to the level of conduct "utterly intolerable" by a civilized society.  *Grimsby v. Samson*, 85 Wash.2d 52, 59 (1975).

Moreover, it is completely unclear that Z.F. has stated any viable claim whatsoever.

The Court must have jurisdiction before a preliminary injunction can be imposed.  But here, Defendant has maintained the status quo and agreed to continue to do so while the case is pending.  Accordingly, the motion for a preliminary injunction is moot.  To the extent Plaintiffs seek to exceed the status quo by affirmative acts, the motion must be denied at this time.

Plaintiffs have leave to file a second amended complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Preliminary Injunction (ECF No. 9) is **DENIED**.

2. Defendant CCB-NWC, LLC's Motion to Dismiss the Sixth Cause of Action (ECF No. 16) is **DENIED as moot**.

3. Defendant CCB-NWC, LLC's Motion to Dismiss the Second and Sixth Causes of Action (ECF No. 24) is **GRANTED**.

4. Plaintiffs are **GRANTED** leave of Court to file a Second Amended Complaint **within 21 days** of this Order.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED October 22, 2019.



THOMAS O. RICE
Chief United States District Judge