Jill H. Teitel, NYSBA #277513
(Admitted *Pro Hac Vice*)
Law Offices of Jill H. Teitel, PLLC
225 Broadway, Suite 2605
New York, NY 10007
Telephone: (212) 964-0500
Facsimile: (646) 612-7765
Email:  jt@teitelwise.com

Brian T. Rekofke, WSBA # 13260
Matthew W. Daley, WSBA # 36711
WITHERSPOON KELLEY
422 W. Riverside Ave, Ste. 1100
Spokane, WA 99201
Telephone: (509) 624-5265
Facsimile: (509) 458-2728
btr@witherspoonkelley.com
mwd@witherspoonkelley.com

Additional Counsel Listed on Signature
Page

HONORABLE THOMAS O. RICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

DANIELLE TEUSCHER, an individual;
and DANIELLE TEUSCHER, as mother
and natural guardian of Z.F., a minor,

             Plaintiffs,

      v.

CCB-NWC LLC, a California limited
liability company, d/b/a, NW
CRYOBANK,

             Defendant.

No. 2:19-CV-0204-TOR

STIPULATED PROTECTIVE
ORDER

STIPULATED PROTECTIVE ORDER: 1

# I.    PURPOSES & LIMITATIONS

This case involves personal and private information regarding donor conceived children, their parents, and their donor in the field of Assisted Reproductive Technology ("ART") and, therefore, involves highly sensitive and personal issues regarding human reproduction, DNA information, and medical information. The Parties, therefore, respectfully ask the Court to adopt the terms of this joint motion and proposed stipulated Protective Order to govern discovery in this matter.

This Protective Order is intended to protect confidential and sensitive information and to ensure that such information is used solely and exclusively for the prosecution and defense of this action.  The Parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c).  This agreement is intended to make information available for use in Court, while prohibiting any use outside of these proceedings.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

//

//

STIPULATED PROTECTIVE ORDER: 2

## II.    DEFINITIONS

**Challenging Party**:  a Party or Non-Party that challenges the designation of information or items under this Order.

**"CONFIDENTIAL" Material**:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under the Federal Rules of Civil Procedure Rule 26(c), including but not limited to:

1. Information, produced by or obtained from a Party, that is related to the use of ART by, and reveals personally identifying information of, any of NW Cryobank's customers (including Ms. Teuscher);

2. Information, produced by or obtained from a Party, that is related to a person's conception through the use of ART (including Z.F.), and reveals personally identifying information of any such person;

3. Information, produced by or obtained from a Party, that personally identifies any of NW Cryobank's gamete donors (including Donor # 2744) and/or the donor's family;

4. Information, produced by or obtained from NW Cryobank, that is related to NW Cryobank's and/or its parent's/affiliates' business practices, policies, or methodologies and that NW Cryobank has taken reasonable measures to keep confidential, so long as such information is not otherwise publicly

**WITHERSPOON KELLEY**
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

available or available from third parties who have no obligation to keep the information confidential.

These categories of material are presumed confidential; however, this presumption neither relieves the Producing Party of its obligation to designate Protected Material nor does it prejudice a Party's ability to challenge the designation or file the material, subject to the procedures for filing protected material.

**Counsel (without qualifier)**:  Outside Counsel and House Counsel (as well as their support staff).

**Designating Party**:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**Disclosure or Discovery Material**:  all items and information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**Expert**:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

STIPULATED PROTECTIVE ORDER: 4

**House Counsel**:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel or any other outside counsel.

**Non-Party**:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**Outside Counsel**:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action, and their support staff.

**Party**:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staffs).

**Producing Party**:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**Professional Vendors**:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**Protected Material**:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

**Receiving Party**:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**WITHERSPOON KELLEY**
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

### III.   SCOPE

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this agreement do not cover (1) information that is in the public domain or becomes part of the public domain through trial or otherwise; and (2) information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

### IV.   PROTECTED MATERIAL

**A.    BASIC PRINCIPLES**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a

**WITHERSPOON KELLEY**
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B.    DESIGNATING PROTECTED MATERIAL

<u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  Notwithstanding the foregoing, nothing in this Order shall enlarge or modify the grounds recognized by law for seeking sanctions against another Party, or impose burdens or obligations on any Party that are

WITHERSPOON KELLEY
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

inconsistent with, or not otherwise authorized by the Federal Rules of Civil

Procedure, or any other applicable rule or case law.

If it comes to a Designating Party's attention that information or items that it

designated for protection do not qualify for protection, the Designating Party must

promptly notify all other Parties that it is withdrawing the mistaken designation.

Manner and Timing of Designations.  Except as otherwise provided in this

Order (*see*, *e.g.*, below procedures for documents or materials made available for

inspection), or as otherwise stipulated or ordered, Disclosure or Discovery Material

that qualifies for protection under this Order must be clearly so designated before

the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic

documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to

each page that contains Protected Material.  If only a portion of the material on a

page qualifies for protection, the Producing Party must clearly identify the

protected portions (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available

for inspection need not designate them for protection until after the inspecting

Party has indicated which material it would like copied and produced.  During the

**WITHERSPOON KELLEY**
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

inspection and before the designation, all of the materials made available for inspection shall only be available to Counsel in this case.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions or in other pretrial proceedings, that the Designating Party identify on the record during the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within those 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party

STIPULATED PROTECTIVE ORDER: 9

may specify, at the deposition or up to 30 days from receipt of the transcript, if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 30-day period for designation shall only be available to Counsel in this case.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

Inadvertent Failure to Designate. If corrected within a reasonable period of time, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving

WITHERSPOON KELLEY
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

Party must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### C.   CHALLENGING PROTECTED MATERIAL

Timing of Challenges.  Any Party may make a good-faith challenge to a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

Meet and confer required. In accordance with Local Rule 37, a Challenging Party shall initiate a meet-and-confer process in order to begin a challenge to a confidential designation.  At a minimum, the Challenging Party shall identify, in writing, all portions of designated Protected Material for which it is challenging the confidentiality designation.  The Designating Party shall make a good faith effort to provide the Challenging Party with the reasons for its designations.  If the Designating Party does not put forward the reasons supporting its designations, in writing, within 8 business days of the Challenging Party's identification of the Protected Material for which it seeks to challenge the designation, then the

WITHERSPOON KELLEY
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

designation shall be considered waived and the material shall no longer be considered Protected Material under this Order.

Once the Designating Party has put forward the reasons supporting its designations, the Parties shall, within 5 business days, confer by phone or email in a good faith attempt to resolve the dispute.  If the Parties cannot resolve the dispute during the meet-and-confer, the Parties will make reasonable, good faith efforts to agree to ask the Court for an informal discovery conference to resolve the dispute. Unless a Party, or both Parties, believe that an informal discovery conference cannot or should not resolve the dispute (as provided below), the Designating Party shall contact the Court within 14 business days of the unsuccessful meet-and-confer (via an email cc'ed to Counsel of record for each Party) to arrange for an informal discovery conference.  Except in situations where a Party, or both Parties, believe that an informal discovery conference cannot or should not resolve the dispute (as provided below), if the Designating Party does not contact the Court to arrange for an informal discovery conference within 14 business days of an unsuccessful meet-and-confer, the designation of the material at issue shall be considered waived by the Designating Party and the material shall no longer be considered Protected Material under this Order.

If one of the Parties believes that an informal discovery conference cannot or should not be used to resolve the dispute because of the dispute's sensitive or

WITHERSPOON KELLEY
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

complicated nature, that Party must explain that position to the other Party in writing within 5 business days of the unsuccessful meet-and-confer.  If both Parties agree that an informal discovery conference cannot or should not be used to resolve the dispute, the Challenging Party must confirm that position in writing within 5 business days of the unsuccessful meet-and-confer.  If either (1) one Party believes an informal discovery conference cannot or should not be used to resolve the dispute and provides the reason for that in writing within 5 business days of the unsuccessful meet-and-confer, or (2) both Parties agree that an informal discovery conference cannot or should not be used to resolve the matter and the Challenging Party provides confirmation of the Parties' positions in writing within 5 business days of the unsuccessful meet-and-confer, the Designating Party must move for a protective order within 14 business days of receipt of the written notice that a Party or the Parties do(es) not consent to an informal discovery conference.  Except in cases where an informal discovery conference is used (as discussed above), if the Designating Party does not file a motion for a protective order within 14 business days of receipt of a Party's written notice that the Party or both Parties will not agree to use an informal discovery conference, the designation of the material at issue shall be considered waived by the Designating Party and the material shall no longer be considered Protected Material under this Order.

STIPULATED PROTECTIVE ORDER: 13

The burden of persuasion on any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designations, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### E.    DISCLOSURE OF CONFIDENTIAL MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated CONFIDENTIAL only to:

1.    the Receiving Party's Counsel in this action, including any Outside Counsel, regardless of whether Outside Counsel has appeared, as well as employees of Counsel or Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, provided that at least one partner, shareholder, or other managing lawyer from each firm has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and provided a signed copy of the same to all Parties;

2.    The officers, directors, and employees (including in agency or House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

WITHERSPOON KELLEY
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

3.      Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4.      Witnesses, during their depositions, to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Protective Order;

5.      The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

6.      The Court and its personnel, and court reporters and their staff;

7.      Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

F.      **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information

STIPULATED PROTECTIVE ORDER: 15

produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party.

If the Non-Party does not seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Producing Party shall produce the Non-Party's Protected Material responsive to the discovery request assuming the Producing Party has complied with all duties and obligations owed to the Non-Party with respect to maintaining the confidentiality of the Non-

STIPULATED PROTECTIVE ORDER: 16

Party information in its possession.  If the Non-Party timely seeks a protective

order, the Producing Party shall not produce any information in its possession or

control that is subject to the confidentiality agreement with the Non-Party before a

determination by the Court.  Absent a court order to the contrary, the Non-Party

shall bear the burden and expense of seeking protection in this Court of its

Protected Material.

### G.   FILING CONFIDENTIAL MATERIAL

The Parties acknowledge that this Protective Order does not affect any

Party's ability to file documents with the Court.  Questions regarding filing under

seal shall be left to the Court's judgment and discretion.  Protected Material may

only be filed under seal pursuant to a court order authorizing the sealing of the

specific Protected Material at issue.  The fact that a document has been designated

as Protected Material under this Order is insufficient to justify filing under seal.

## VI.   UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a Receiving Party learns that, by inadvertence or otherwise, it has

disclosed Protected Material to any person or in any circumstance not authorized

under this Order, the Receiving Party must immediately (a) notify, in writing, all

other Parties, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, (d) request that such person or

STIPULATED PROTECTIVE ORDER: 17

persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) delete or destroy the disclosed information in their possession, including any copies of the Protected Material it retrieves from the person not authorized to have received the material.

## VII.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days of the termination of this action, including all appeals, each Receiving Party must destroy all Protected Material and provide confirmation to the Producing Party that all Protected Material has been destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

//

//

//

STIPULATED PROTECTIVE ORDER: 18

1

2

RESPECTFULLY SUBMITTED & STIPULATED, this 8th day of July, 2020.

3

4

**WITHERSPOON KELLEY**

5

*/s/ Matthew W. Daley*

6

BRIAN T. REKOFKE, WSBA # 13260
MATTHEW W. DALEY, WSBA # 36711

7

422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201

8

Phone: (509) 624-5265 / Fax: (509) 458-2728

9

btr@witherspoonkelley.com;

10

mwd@witherspoonkelley.com

11

**PAUL HASTINGS, LLP**

12

WILLIAM F. SULLIVAN, *pro hac vice*

13

TIMOTHY D. REYNOLDS, *pro hac vice*

14

515 South Flower Street, 25th Floor
Los Angeles, California 90071

15

Phone: (213) 683-6000 / Fax: (213) 627-0705

16

williamsullivan@paulhastings.com
timothyreynolds@paulhastings.com

17

18

**LAW OFFICES OF JILL H. TEITEL, PLLC**

19

20

*/s/ Jill Teitel*

JILL H. TEITEL, *pro hac vice*

21

225 Broadway, Suite 2605

22

New York, New York 10007
Phone: (212) 964 0500 / Fax: (212) 612 7764

23

jt@teitelwise.com

24

25

26

27

28

STIPULATED PROTECTIVE ORDER: 19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PFAU COCHRAN VERTETIS ALMALA, PLLC**

*/s/  Darrell L. Cochran*
DARRELL L. COCHRAN, WSBA # 22851
911 Pacific Avenue, Suite 200
Tacoma, Washington 98402-4413
Phone: (253) 777 0799 / Fax: (253) 627 0654
darrell@pcvalaw.com

STIPULATED PROTECTIVE ORDER: 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, hereby acknowledge that I have received a copy of the Stipulated Protective Order in the matter of *Teuscher, et al. v. CCB-NWC, LLC*, in United States District Court for the Eastern District of Washington, No. 19-cv-00204-TOR.  I have read and agree to be bound by all of the provisions of the Stipulated Protective Order.  I agree (a) not to divulge any Protected Information or materials to any person other than those identified in the Stipulated Protective Order; and (b) not to use any Protected Information or materials for any purpose other than this litigation.  In addition, I consent to the jurisdiction and contempt power of the United States District Court for the Eastern District of Washington with respect to the enforcement of the Stipulated Protective Order.

DATED:  _____

_____
Signature

_____
Print Name

**WITHERSPOON KELLEY**
422 W. RIVERSIDE AVE., SUITE 110
SPOKANE, WA 99201
(509) 624-5265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PURSUANT TO THE PARTIES' JOINT MOTION AND THE TERMS OF THIS STIPULATED PROTECTIVE ORDER, THE COURT HEREBY APPROVES AND ADOPTS THIS PROTECTIVE ORDER AS AN ORDER OF THE COURT.

DATED July 13, 2020.



THOMAS O. RICE
Chief United States District Judge

STIPULATED PROTECTIVE ORDER: 22